UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CAROL YUAN-LEUNG

      Plaintiff,

      - against -

IN BUM CHUNG, MIN CHONG LEE,
ORSYN LAND SERVICES, INC.

      Defendants.

-------------------------------------------------------------x

Civil Action No. 1:18-cv-06236

**COMPLAINT**

    Plaintiff Carol Yuan-Leung, ("Ms. Leung"), by and through her attorneys, Dai & Associates,

P.C., as and for her complaint against defendants In Bum Chung ("Mr. Chung"), Min Chong Lee

("Ms. Lee"), and Orsyn Land Services, Inc. ("Orsyn Land") (all defendants collectively,

"Defendants"), alleges as follows:

## INTRODUCTION

    1.    The instant action arises from the issuance by Mr. Chung and Ms. Lee, by and through

Orsyn Land, of a fraudulent Form 1099 for the 2015 tax year to Ms. Leung, willfully

misrepresenting a loan repayment as compensation paid to Ms. Leung. Plaintiff seeks to recover

damages resulting from Defendant's filing of the fraudulent Form 1099.

## JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction over this controversy under 28 U.S.C.

§7434, and 18 U.S.C. §1341. This court has personal jurisdiction over Mr. Chung and Ms. Lee

because they are New York residents. This court has personal jurisdiction over Orsyn Land because its principal place of business is in New York.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, at least one Defendant resides in this district, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.      Ms. Leung is a former partner of Orsyn Abstracts LLC ("Orsyn Abstracts"). Ms. Leung resides at 38-26 Corporal Kennedy Street, Bayside, NY 11361.

5.      Mr. Chung is a former partner of Orsyn Abstracts. Mr. Chung resides at 736 West 187th Street, Suite PH3, New York, NY 10033.

6.      Ms. Lee is a former partner of Orsyn Abstracts. Ms. Lee resides at 131 Morton Blvd, Plainview, NY 11803.

7.      Orsyn Land is a corporation with its principal place of business at 214-25 42nd Avenue, Suite 2F, Bayside, NY 11361.

## FACTUAL ALLEGATIONS

8.      Ms. Leung is a former partner of Orsyn Abstracts. Orsyn Abstracts was a partnership engaged in the business of title insurance that needed financial help to pay for office supplies, bills, payroll, and other operating expenses.

9.      Between the years of 2013 and 2015, Ms. Leung loaned Orsyn Abstracts money to help pay for operating expenses. The aforementioned loan was documented in a hand-written ledger by Mr. Chung, who is also a former partner of Orsyn Abstracts.

10.   By July 31, 2015, Orysn Abstracts owed Ms. Leung a total of $100,395.28 in accumulated loans.

11.   On July 31, 2015, Mr. Chung and Ms. Lee forced out Ms. Leung from Orsyn Abstracts without buying out her membership interest, in breach of their fiduciary duties.

12.   Although she was wronged and pushed out by her former partners, Ms. Leung accepted a partial upfront loan repayment of $50,395.28 (the "Loan Repayment"), in an effort to keep things relatively amicable with her former partners.

13.   Mr. Chung was unwilling to pay the Loan Repayment unless Plaintiff acquiesced to his demands that (1) the check of $50,395.28 would be made to Plaintiff's company SSYL CORP ("SSYL") and not to her individually, and (2) the parties execute a promissory note reflecting the remaining $50,000 balance on the loan (the "Promissory Note"). The Promissory Note provided that "Payments shall be made to SSYL CORP or to another company name that will be formed at a later time."

14.   Plaintiff agreed to the demands in paragraph 13, believing that Defendants would abide by the terms of the Promissory Note.

15.   On July 31, 2015, Mr. Chung issued a check in the amount of $50,395.28 to SSYL (which constituted the Loan Repayment), and the parties executed the Promissory Note.

16.   The Defendants failed to make any payments to Ms. Leung as required by the terms of the Promissory Note.

17.   On December 19, 2016, Plaintiff commenced legal action and filed a Motion for Summary Judgement in Lieu of Complaint in the Supreme Court of the State of New York County

3

of Queens against the Defendants for breach of contract and claimed $50,000 in compensatory

damages, representing the unpaid balance of the Promissory Note.

18.    On February 23, 2018, in connection with a settlement of the litigation, Defendants

executed a Confession of Judgement (the "Confession") and a Stipulation and Consent of

Settlement (the "Stipulation").

19.    Under the terms of the Stipulation and Confession, the Defendants were bound to pay

Ms. Leung $50,000 (the "Second Loan Repayment") in a lump sum of $20,000 followed by 18

monthly installments of the remaining balance.

20.    In early March 2018, Ms. Lee approached Bong Jang ("Mr. Jang"), who was the

accountant for Ms. Leung, Ms. Lee, and Orsyn Abstracts before its dissolution.

21.    Ms. Lee asked Mr. Jang to prepare a Form 1099 information statement for non-

employee compensation for the Loan Repayment. Upon information and belief, Ms. Lee requested

Mr. Jang to prepare a Form 1099 to be issued by Orsyn Land, an entity controlled by Defendants.

Mr. Jang refused to do so, because the Loan Repayment was not compensation and could not be

characterized as income in a Form 1099. Mr. Jang informed Ms. Lee of this fact.

22.    Upon information and belief, Orsyn Land filed a fraudulent Form 1099 (the "1099

Form") with the IRS. No Form 1099 should have been filed for repayment of a loan. Moreover,

the 1099 Form misrepresented the Loan Repayment as Box 7 – Nonemployee Compensation (from

Orsyn Land to Ms. Leung). Such misrepresentation on the 1099 Form would potentially allow

Defendants to fraudulently obtain a deduction for loan proceeds that were being repaid to Ms.

Leung, thereby causing her to erroneously be subjected to income taxes on such payment.

4

23.   A copy of the 1099 Form was received by Ms. Leung on March 19, 2018.

24.   After learning of the 1099 Form, Mr. Jang spoke to Defendants in an attempt to correct the misrepresentations. However, the Defendants refused to correct the misrepresentations in the 1099 Form.

25.   On April 17, 2018, Dai & Associates, representing Plaintiff, sent a demand letter (the "Demand Letter") to Defendants informing them that their actions violated U.S.C. §1341 and U.S.C. §7434.

26.   The Demand Letter demanded that Defendants (1) provide Plaintiff with a corrected Form 1099 showing $0 as non-employee compensation, (2) pay Plaintiff $10,000 for legal costs incurred, and (3) execute affidavits stating that they have not issued any other Form 1099s regarding the Loan Repayment, and that they will not issue any such Form 1099s with respect to the Second Loan Repayment.

27.   On May 23, 2018, Defendants through counsel, asked Plaintiff's counsel to draft the requested affidavits and represented via email that they would execute the affidavits.

28.   However, Defendants failed to provide the executed affidavits.

29.   On June 22, 2018, Plaintiff's attorney sent another demand letter demanding that Defendants send the executed affidavits and make a $10,000 payment to Plaintiff attorney's escrow account by June 26, 2018 at 5pm ET. Defendants failed to respond.

## COUNT I
### (Fraudulent filing of Information returns. Violations of 26 U.S.C. §7434)

30.   Ms. Leung repeats and re-alleges each and every allegation of the paragraphs above as if fully set forth herein.

31.   26 U.S.C. §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

32.   Upon information and belief, the Defendants willfully filed the 1099 Form. The 1099 form is a fraudulent information return. The filing of the form violated 26 U.S.C. §7434.

33.   Due to the violation of 26 U.S.C. §7434 by Defendants, Plaintiff is entitled to recovery from Defendants, jointly and severally: an amount equal to or greater of $5000 or the sum of (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT II
### (Mail Fraud. Violation of 18 U.S.C. §1341)

34.   Ms. Leung repeats and re-alleges each and every allegation of the paragraphs above as if fully set forth herein.

35.   18 U.S.C. §1341 provides that whoever, having devised or intends to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away,

distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

36.    The Defendants sent a copy of the 1099 Form, a fraudulent information return, to Plaintiff with intent to obtain money in the form of fraudulent tax deductions by means of false pretenses of mischaracterizing a loan repayment as non-employee compensation, using the United States Postal Service, thereby violating 18 U.S.C. §1341.

37.    Due to the violation of 18 U.S.C. § 1341 by Defendants, Plaintiff is entitled to recovery from Defendants, jointly and severally for damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Leung respectfully requests that this court enter a judgment providing for the following relief:

    a) Ordering Defendants to pay Plaintiff an amount equal to the greater of $5,000 or the sum of any actual damages sustained by the plaintiff as a proximate result of the

7

filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of the action, and in the court's discretion, reasonable attorney's fees.

b) Ordering Defendants to pay any and all damages available to her as a result of Defendants commission of mail fraud and violation of 18 U.S.C. §1341.

c) Providing for such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:   New York, New York
         July 10, 2018                 Respectfully Submitted,

                                       DAI & ASSOCIATES, P.C.

                                       By: /s/ Jacob Chen
                                       _____

                                       Amiad Kushner
                                       Jacob Chen
                                       1500 Broadway, Suite 2200
                                       New York, New York 10036
                                       (212) 730-8880
                                       *Counsel for Plaintiff Carol Yuan-Leung*

8