USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**CAROL YUAN-LEUNG,**

        Plaintiff,

- against -

**ORSYN LAND SERVICES, INC., IN BUM CHUNG, and MIN CHONG LEE,**

        Defendants.

18 Civ. 6236 (LLS)

MEMORANDUM & ORDER

Plaintiff Carol Yuan-Leung brought this action alleging fraudulent filing of a federal tax information return in violation of 26 U.S.C. § 7434 and mail fraud in violation of 18 U.S.C. § 1341. Default judgment was entered against the defendants. They now move to vacate the default judgment. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

Plaintiff Carol Yuan-Leung, defendant In Bum Chung, and defendant Min Chong Lee were partners of a title insurance company called Orsyn Abstracts LLC ("Orsyn Abstracts"). Mr. Chung and Ms. Lee were also officers of another entity called Orsyn Land Services, Inc. ("Orsyn Land").

On July 31, 2015, Ms. Leung left Orsyn Abstracts, which owed her $100,395.28 at the time. That day, Mr. Chung wrote to Ms. Leung's company, SSYL Corp., a check in the amount of $50,395.28, and Mr. Chung and Ms. Lee executed a promissory note promising to pay Ms. Leung the remaining $50,000 balance.

-1-

On December 19, 2016, Ms. Leung commenced a New York state court action against defendants to recover the promissory note's unpaid balance. The parties reached a settlement, which disposed of the issue of the remaining $50,000 balance.

On March 19, 2018, Ms. Leung received from Orsyn Land a Form 1099 for the 2015 tax year, which identified the original $50,595.28 payment to her as "non-employee compensation."

Ms. Leung brought this action on July 10, 2018, alleging that the Form 1099 had been fraudulently filed because that payment was not "compensation" (i.e., earnings taxable to her, and a deduction for Orsyn Land) but rather a partial repayment of contributions she made to Orsyn Abstracts between 2013 and 2015 to finance its operating expenses. Defendants were served in July of 2018.

Defendants retained Michael-Hyun Lee, Esq. as their counsel. Mr. Lee informed defendants that he would represent them in this case, but he did not file a notice of appearance, did not file an answer, nor take any other action on defendants' behalf, due to claimed but unspecified "serious health issues." Michael-Hyun Lee Decl. ¶ 9. He states that as his health issues worsened, he was not able to assist defendants or "even to communicate with them regarding this matter." Id. ¶ 10. No affidavit of any treating or other physician has been submitted.

On October 1, 2018, the Clerk issued a certificate of

default as to all defendants. On October 5, 2018, plaintiff moved for default judgment, which was served upon each of the three defendants via U.S. Mail (Dkt. No. 25). Default judgment was entered on November 2, 2018 against defendants requiring them to immediately issue a corrected Form 1099, and awarding Ms. Leung the amount of $33,276.43, representing primarily her costs and attorneys' fees incurred in obtaining correction of the Form 1099, as well as $5,000 statutory damages.

On December 13, 2018, the Clerk issued a writ of execution against defendants in the amount of $33,276.43, which was served upon defendants' banks on December 31, 2018 and January 2, 2019.

On January 10, 2019, defendants' previous counsel, Mr. Lee, sent an email to plaintiff's counsel stating, "I would appreciate a call from you and if you can send a notice to the bank lifting the writ of execution as soon as possible to limit any irreparable damage to my client." O'Brien Decl. Ex. 1.

New counsel for defendants, Robert James Basil, Esq. of the Basil Law Group, PC, appeared on February 26, 2019, and filed this motion to vacate the default judgment on April 20, 2019.

**DISCUSSION**

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Defendants' application is made pursuant to Fed. R. Civ. P. 60(b)(1), which states that "the

-3-

court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons of "mistake, inadvertence, surprise, or excusable neglect."

"In applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983). Those criteria are: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." Id. "Of these elements, willfulness is preeminent, and a willful default will not normally be set aside." MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39 (N.D.N.Y. 1997).

## Willfulness

The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). "On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." Id.

Defendants argue that their default was not willful because

they acted promptly by retaining Mr. Lee as counsel after being served with the complaint, and by retaining their present counsel, Mr. Basil, promptly after learning that Orsyn Land's bank account had been frozen. Defendants also argue that the failure of their previous counsel, Mr. Lee, to appear or defend them was due to his physical illness and thus not willful.

Defendants offer no explanation for their silence and inaction for four months between October 5, 2018, when they were served with plaintiff's motion for default judgment via U.S. Mail, and February of 2019, when they hired new counsel after learning that their bank accounts had been frozen. During those months, defendants did not notify the court, or apparently Ms. Leung, of any difficulty getting in contact with Mr. Lee. That supports a finding of a deliberate and willful default. See Original Appalachian Artworks, Inc. v. Yuil Int'l Trading Corp., 105 F.R.D. 113, 116 (S.D.N.Y. 1985):

> A bona fide effort to find counsel is certainly relevant to the willfulness of a party's default. See Zuck, 710 F.2d at 92-95. But where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the opposing party and the court, such neglect is inexcusable.

See also McNulty, 137 F.3d at 740 ("In sum, where the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of

the lawsuit."). Before plaintiff filed the complaint, Mr. Lee had exchanged multiple emails with plaintiff's counsel throughout May and June of 2018, in only one of which he mentions a health issue ("back pain from my weekend golf"). O'Brien Decl. Ex. 3. Defendants do not identify any previous issues with Mr. Lee's health, or explain how it prevented him from taking any action whatsoever after the complaint was served in July of 2018. See Lehr Constr. Corp., No. 16-CV-4048 (AJN), 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) ("Illness or disability alone does not constitute excusable neglect . . . While courts will occasionally rely on the illness or disability of a party or attorney when finding excusable neglect, these cases involve extraordinary circumstances, such as a sudden, unexpected, or catastrophic illness, or the party has pointed to specific facts and circumstances demonstrating why the illness or disability caused them to miss the original deadline.").

Mr. Lee later worked on this case again, as shown by his January 10, 2019 email asking plaintiff's counsel to have the writ of execution lifted, but he never challenged or sought relief from the default judgment.

### Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense

conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." McNulty, 137 F.3d at 740 (citations and internal quotation marks omitted).

Defendants' defense is that the Form 1099 was not fraudulent, but accurate because the $50,395.28 payment made to Ms. Leung's company SSYL Corp. was not a repayment of a loan but rather a buyout of her membership interest in Orsyn Abstracts. There is no evidence supporting those conclusory statements. Defendants submit Orsyn Abstracts' balance sheets stating that there were no "Loans from shareholders" during the years 2010 through 2015, but the category "Loans from shareholders" might not include contributions from partners such as Ms. Leung. Orsyn Abstracts' handwritten ledger contains an account entitled "Carol Loan" which shows an amount of $100,395.28, followed by a subtraction of $50,395.28 as of July 31, 2015, when defendants made that payment. Leung Decl. Ex. 1B. Nor, even accepting defendants' description, is it apparent that a payment for buyout of a membership interest should be characterized as "compensation" taxable as income to the seller.

Defendants have not presented evidence showing they have a complete or meritorious defense.

### Prejudice

The primary relief plaintiff Ms. Leung obtained in the

default judgment was the compelled correction of the wrongful Form 1099, and it took her over $30,000 and four months of litigation to straighten out the tax difficulty in which the defendants' misdescription of the transaction had placed her. They made no serious effort to defend the case, and offer no cogent defense to it. To now retroactively annul that judgment, set aside the correction of her tax status, and restart from the beginning, based on the flimsy assertions now offered by defendants, would be unjust and prejudicial indeed.

## CONCLUSION

Defendants' motion to vacate the default judgment (Dkt. No. 43) is denied.

So ordered. No costs.

Dated: New York, New York
January 7, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.